UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FINDLING, ERIC BRAVERMAN,
MRP REAL ESTATE INVESTMENTS, LLC,
and ALPHA TITLE CO.

        Plaintiffs,

v.                                          Case No. 06-10101
                                            Hon. Victoria A. Roberts

MARY McCORMICK, and
LINDA McCORMICK,

        Defendants.
_____

**ORDER DISMISSING COMPLAINT**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

        The Plaintiffs seek injunctive relief based on Defendants' vexatious litigation. The action originally stems from a 1987 divorce case. The Defendants continually challenged the property disposition of a home located at 8995 Henry Ruff, Livonia, Michigan. The Defendants' filed approximately thirty-five appeals in Michigan state court and two in federal court. The 1987 divorce case remains active in Michigan state court.

        Both of Defendants' federal court actions were dismissed for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine.[1]  All of the Defendants'

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claims relate to the Michigan state court disposition of the Henry Ruff property.

The Plaintiffs, the targets of Defendants' filings, seek a preliminary injunction precluding the Defendants from filing any new actions in state or federal court pertaining to the Henry Ruff property and the actions of the Plaintiffs, without leave of court. The Plaintiffs contend the Court may issue the injunction under the All Writs Act, 28 USC §1651. [Complaint, ¶59].

The Plaintiffs' action is dismissed for lack of subject matter jurisdiction because the Plaintiffs failed to set forth a basis for subject matter jurisdiction in the Complaint. Paragraph 9 claims the Court has "supplemental jurisdiction over the other claims and parties under 28 USC §1367."[2]  However, there are no claims providing original jurisdiction.

The sole claim in this action is for injunctive relief pursuant to the All Writs Act. [Complaint, ¶59]. The All Writs Act does not confer jurisdiction on federal courts; there must be an independent basis for subject matter jurisdiction to order a writ. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002); see also, *Tropf v. Fidelity National Title Ins. Co., et al.*, 289 F.3d 929, 943 (6th Cir. 2002). Additionally, the earlier federal filings of the Defendants were dismissed for lack of subject matter jurisdiction, so those actions could not have supported the issuance of a writ under the All Writs Act

---

[2](a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
* * *

either.

Therefore, the Plaintiffs' action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                       s/Victoria A. Roberts
                                                       **Victoria A. Roberts**
                                                       **United States District Judge**

**Dated:  January 24, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Linda McCormick and Mary G. McCormick by electronic means or U.S. Mail on January 24, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**